IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| RONALD TAYLOR, | |
| Petitioner, | CIVIL ACTION NO.: 2:21-cv-61 |
| v. | |
| WARDEN BRIAN CHAMBERS, | |
| Respondent. | |

## REPORT AND RECOMMENDATION

Petitioner Ronald Taylor ("Taylor") filed a 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus and a "Motion" for Injunctive Relief, to Obtain Official Transcript, and for Class Action. Docs. 1, 8. Respondent filed an Answer-Response and a Motion to Dismiss. Docs. 18, 19, 20. Taylor filed Responses to the Motion to Dismiss. Docs. 22, 23. For the reasons which follow, I **RECOMMEND** the Court **GRANT** Respondent's Motion to Dismiss, **DISMISS without prejudice** Taylor's 28 U.S.C. § 2254 Petition based on his failure to exhaust his state remedies, and **DENY as moot** Taylor's Motion for Injunctive Relief. I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Taylor *in forma pauperis* status on appeal and a Certificate of Appealability.

## BACKGROUND

Taylor was indicted in Camden County, Georgia, for aggravated family violence battery (count 1), aggravated family violence assault (count 2), and simple family violence assault (count 3). Doc. 19-1 at 1. On July 30, 2019, Taylor entered a negotiated plea to count 1

(aggravated family violence battery) and received a 12-year probated sentence. Doc. 20-1 at 4–6, 9. In exchange, the other two counts were dismissed by an order of *nolle prosequi*. Id. at 9. Taylor had to complete an integrated substance abuse treatment program as a condition of the probated sentence. Id. at 11. Because he failed to complete this program, Taylor's probation was revoked on November 18, 2020. Doc. 19-1 at 2.

Taylor filed a state habeas corpus application with the Camden County Superior Court on March 2, 2021. Id.; Doc. 20-2. The Camden County court dismissed Taylor's application due to a lack of jurisdiction, as Taylor was confined at the Georgia Diagnostic & Classification Prison in Butts County, Georgia. Doc. 19-1 at 2; Doc. 20-3. Taylor's § 2254 Petition was executed in June 2021 and filed with the Middle District of Georgia District Court on June 4, 2021. Doc. 1. That court transferred Taylor's Petition to this Court, as he challenges Camden County proceedings, on June 18, 2021. Doc. 3.

In his Petition, Taylor asserts he did not have appropriate counsel, the public defender and assistant district attorney ignored his requests for evidence, and a grand jury indictment was brought to coerce him to plead guilty (ground 1). Doc. 1 at 5. Taylor also asserts he was discharged from Appling Integrated Treatment Facility but had to go back to court for a hearing based on a probation violation charge (ground 2). Id. at 7. Additionally, Taylor contends the facts underlying the charges against him supported a misdemeanor charge under Georgia law rather than the two felony and one misdemeanor charges for which he was indicted (ground 3). Id. at 8. Taylor maintains he received ineffective assistance of counsel (ground 4). Id. at 10.

Respondent moves to dismiss Taylor's Petition on two bases. First, Respondent asserts any of Taylor's claims in which he challenges his July 2019 conviction should be dismissed as untimely. Doc. 19; Doc. 19-1 at 3. Second, Respondent asserts Taylor's entire Petition should

2

be dismissed because he failed to exhaust his available state remedies. Doc. 19-1 at 6–7. Taylor filed Responses to the Motion to Dismiss, docs. 22, 23, and this matter is ripe for review.

## DISCUSSION

**I.     Whether Taylor Exhausted His State Remedies**

Respondent argues Taylor has not properly challenged his 2019 Camden County conviction (grounds 1, 3, and 4 of his Petition) or his 2020 probation revocation proceedings (ground 2 of his Petition) in a state court habeas corpus proceeding, and, thus, these grounds are unexhausted. Doc. 19-1 at 6–7. Id. at 7. Accordingly, Respondent contends Taylor's Petition should be dismissed on exhaustion grounds. Id. at 10. While Taylor filed "Responses" to Respondent's Motion to Dismiss, docs. 22, 23, neither is responsive to Respondent's arguments.

Prior to filing a petition for writ of habeas corpus in federal court, a petitioner must first seek relief from the courts within his state of conviction. That requirement is as follows:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
>
>> (A) the applicant has exhausted the remedies available in the courts of the State; or
>>
>> (B)(i) there is an absence of available State corrective process; or
>>
>> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). The United States Supreme Court has held "a state prisoner must present his claims to a state supreme court in a petition for discretionary review in order to satisfy the exhaustion

3

requirement" when discretionary review "is part of the ordinary appellate review process in the State." O'Sullivan v. Boerckel, 526 U.S. 838, 839–40, 847 (1999). Therefore, in order to exhaust state remedies, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." Id. at 845. This exhaustion requirement also extends to a state's collateral review process. Gary v. Ga. Diagnostic Prison, 686 F.3d 1261, 1274 (11th Cir. 2012); Pope v. Rich, 358 F.3d 852, 854 (11th Cir. 2004). Failure to exhaust all claims or to demonstrate that exhaustion is futile prior to bringing a § 2254 petition requires that the petition be dismissed. See Nelson v. Schofeld, 371 F.3d 768, 771 (11th Cir. 2004), *superseded by rule on other grounds, as recognized in* Hills v. Washington, 441 F.3d 1374 (11th Cir. 2006).

While a state prisoner's failure to exhaust his remedies in state court ordinarily will result in the automatic dismissal of his federal habeas petition, this is not always true. See 28 U.S.C. § 2254(b) & (c). First, a court may deny a petition on the merits without requiring exhaustion "if it is perfectly clear that the applicant does not raise a colorable federal claim." Granberry v. Greer, 481 U.S. 129, 135 (1987); 28 U.S.C. § 2254(b)(2). The State may also expressly waive the exhaustion requirement. Hills, 441 F.3d at 1376. Finally, a court should not require exhaustion if it has been shown "there is an absence of available State corrective process," or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B). The exhaustion requirement should not be applied "if the state court has unreasonably or without explanation failed to address petitions for relief." Hollis v. Davis, 941 F.2d 1471, 1475 (11th Cir. 1991).

While Taylor filed an application for writ of habeas corpus in the Camden County Superior Court, that court dismissed without prejudice Taylor's application because he did not

4

file that petition in the appropriate court.  Doc. 20-3.  The Camden County court advised Taylor Butts County, Georgia, where he was housed at the time he filed his application, had exclusive jurisdiction over his application.  Id. at n.1 (quoting O.C.G.A. § 9-14-43).  Taylor is currently housed at Rogers State Prison in Reidsville, Georgia, which is in Tattnall County, Georgia, and he can file an application for state habeas corpus relief in that county to challenge both his 2019 conviction and his 2020 revocation proceedings.  The State has not waived exhaustion, as Respondent raises this as a ground for dismissal.  In addition, Taylor presents no evidence corrective processes in the State of Georgia are unavailable.  See O.C.G.A. § 9-14-40 *et seq.*(setting forth Georgia's general habeas proceedings).

Taylor has failed to exhaust his state remedies.  While Taylor did file a state habeas corpus application to challenge his 2019 conviction, he did not properly file his application in the appropriate county.  Thus, the Court should **GRANT** Respondent's Motion to Dismiss and **DISMISS without prejudice** Taylor's § 2254 Petition.  The Court declines to address the timeliness of grounds 1, 3, and 4 of Taylor's Petition at this time.[1]

II.     **Leave to Appeal *in Forma Pauperis* and Certificate of Appealability**

The Court should also deny Taylor leave to appeal *in forma pauperis* and a Certificate of Appealability.  Though Taylor has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal.  Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, "the district court must issue or deny a certificate of appealability when it issues a final order adverse to the applicant." (emphasis supplied); see also

---

[1]     The Court notes Taylor's assertion he has up to four years' time to challenge his convictions.  Doc. 23 at 1.  While Taylor does have up to four years' time to challenge his proceedings with the State of Georgia, O.C.G.A. § 9-14-42(c), the Court advises Taylor a one-year statute of limitations period applies to the filing of a § 2254 petition in federal court.  28 U.S.C. § 2244(d).

5

Fed. R. App. P. 24(a)(3) (trial court may certify appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Thus, a claim is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Additionally, under 28 U.S.C. § 2253(c)(1), an appeal cannot be taken from a final order in a habeas proceeding unless a Certificate of Appealability is issued. A Certificate of Appealability may issue only if the applicant makes a substantial showing of a denial of a constitutional right. The decision to issue a Certificate of Appealability requires "an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). In order to obtain a Certificate of Appealability, a petitioner must show "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Id. "Where a plain procedural bar is present and the district court is correct

6

to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also Franklin v. Hightower, 215 F.3d 1196, 1199 (11th Cir. 2000). "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El, 537 U.S. at 336.

Based on the above analysis of Taylor's Petition and Respondent's Motion to Dismiss and applying the Certificate of Appealability standards set forth above, there are no discernable issues worthy of a certificate of appeal; therefore, the Court should **DENY** the issuance of a Certificate of Appealability. Furthermore, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, the Court should likewise **DENY** Taylor *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** the Court **GRANT** Respondent's Motion to Dismiss, **DISMISS without prejudice** Taylor's 28 U.S.C. § 2254 Petition based on his failure to exhaust his state remedies, and **DENY as moot** Taylor's Motion for Injunctive Relief. I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Taylor *in forma pauperis* status on appeal and a Certificate of Appealability.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't

7

Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made herein.  Objections not meeting the specificity requirement set out above will not be considered by the District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 18th day of January, 2022.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA